UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GENERAC POWER SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>v.<br><br>KOHLER CO.,<br><br>        Defendant. | Case No. 11-CV-1120-JPS<br><br><br>ORDER |

  Plaintiff Generac Power Systems (Generac) filed this suit against defendant Kohler Company (Kohler), alleging patent infringement. (Docket #1). Kohler answered Generac's complaint and simultaneously counterclaimed, seeking a declaratory judgment that would establish either that Kohler's design does not infringe upon Generac's patent or that Generac's patent is invalid. (Docket #2).

  On January 20, 2012, the Court held a scheduling conference, at which it informed the parties that a trial in this case would be scheduled to occur beginning December 10, 2012. (Docket #15, #16). In keeping with that trial date, the parties submitted a joint Rule 26(f) plan, setting forth relevant cutoff dates for various prongs of the discovery process. (Docket #14). The parties agreed that initial expert witness disclosures would occur by June 29, 2012, and that all discovery would be completed by August 31, 2012, to enable the parties to file dispositive motions not later than September 5, 2012. (Docket #14).

However, a discovery dispute arose between the parties and, on May 22, 2012, Generac filed an expedited motion to compel Kohler to respond to Generac's Interrogatory No. 1 and to provide technical and financial document discovery. (Pl.'s Mtn. Compel 1). The Court will address each of these matters separately.

1.	INTERROGATORY NO. 1

Generac argues that Kohler has not provided a complete response to Generac's Interrogatory No. 1. (Pl.'s Mtn. Compel 1). That interrogatory seeks the basis, including claim charts and missing patent claim elements, for Kohler's non-infringement counterclaim. (Pl.'s Mtn. Compel 1). Indeed, Kohler has not provided such claim charts or identified missing claim limitations, nor has it agreed to stipulate to the asserted fact that their patent infringes upon Generac's patent. Instead, in response to that interrogatory, it seems that Kohler has simply asserted that Generac's patent is invalid and that, therefore, Kohler cannot have infringed upon it. (Pl.'s Mtn. Compel 1).

Kohler, however, responds to Generac's allegations by pointing out that Generac has not adequately defined a number of terms in their patent, and that Generac's failure to do so puts Kohler in a "Catch-22"-type situation. (Def.'s Resp. 3-4). That is, Kohler argues that it cannot address the non-infringement issue without knowing the scope of Generac's patent. (Def.'s Resp. 3-4). For example, as Kohler points out, if it were to stipulate that it had infringed upon Generac's patent without a more careful delineation of terms in the patent, then Generac could argue for a broad construction of its patent and point to Kohler's stipulation as grounds for relief. (Def.'s Resp. 4).

Given this situation, the Court agrees with Kohler on this aspect of Generac's motion to compel: the best course of action is to wait for the disclosure of expert reports, after which the scope of Generac's patent will be better-defined. The Court cannot command Kohler to take action and answer a question when the contours of that question have not been appropriately mapped.

Thus, the Court is obliged to deny Generac's motion to compel as it relates to Interrogatory No. 1. If, after disclosure of expert reports and further refinement of the scope of Generac's patent, Kohler continues to evade addressing Interrogatory No. 1 in greater detail, the Court will take up the matter again—and at such time it will not hesitate to award attorney's fees to the party it deems non-cooperative.

2.  TECHNICAL DOCUMENT DISCOVERY

Generac next complains that Kohler has not provided Generac with adequate access to technical documents related to Generac's claim. (Pl.'s Mot. Compel 3). Specifically, Generac alleges that Kohler has not produced: development materials for the allegedly-infringing product; software for operating those products; source code for a program used in operating those products; operational, training, certification, and maintenance materials; or documents showing Kohler's analysis and knowledge of Generac's patent. (Pl.'s Mot. Compel 3). Generac alleges that these requests are narrowly directed at materials that could establish infringement in this case. (Pl.'s Mot. Compel 3).

Kohler disputes Generac's contentions, first by informing the Court of its substantial efforts to produce the documents requested by Generac, and second by arguing that any nondisclosure is due to the unreasonably broad

nature of Generac's request. (Def.'s Resp. 2-3). First, Kohler notes that it has conducted a thorough search—both physical and electronic—of its files and offices, and has disclosed all pertinent documents to Generac. (Def.'s Resp. 2-3). In support of that contention, Kohler has submitted the declaration of Richard Mauk, the controls and electronics manager at Kohler who was responsible for performing the search of Kohler's documents. (Docket #25). Mr. Mauk makes clear that he expended substantial effort to locate the requested items. (Docket #25).

Second, Kohler argues that it should not be required to disclose the source code of its SiteTech software (Def.'s Resp. 2-3), which Generac seeks due to its being used in the operation of the allegedly-infringing product (Pl.'s Mtn. Compel 3). Kohler objects to the source code disclosure, because of the proprietary nature of that code. (Def.'s Resp. 2-3). Kohler argues that the disclosure of its source code—which is also used in many of Kohler's products other than those allegedly-infringing products at issue here—is not necessary. (Def.'s Resp. 2). In place of that broad disclosure, Kohler has offered to provide Generac's counsel and expert with a demonstration of the software in issue, along with other access facilitated by Monitor software (which seems to limit the exposure of the full source code). (Def.'s Resp. 2-3).

Addressing Kohler's arguments in the reverse order, the Court first notes that it fully agrees with Kohler's arguments on the issue of the SiteTech source code. Source code for programs is often one of the most valuable assets a company possesses. If the Court were to order the full disclosure of the source code of the SiteTech software to Generac—obviously a competitor of Kohler's in this field—there is no guarantee that Generac would not, perhaps unintentionally, use that source code to better its business position.

Page 4 of 7

This is particularly true in this instance, where the SiteTech software is in use in all of Kohler's related products, rather than merely the allegedly-infringing product at hand. The Court would, however, consider ordering full disclosure if that were the only way for Generac to obtain the information that they now seek. It is apparent, though, that Kohler has offered several reasonable accommodations that will appropriately limit the scope of Generac's access to the source code, while still allowing access to important information. As such, given Kohler's proposed accommodations, including demonstrations, disclosures of manuals, and employment of the Monitor software, the Court will deny Generac's motion to compel the disclosure of the SiteTech source code.

Turning to Kohler's first argument, the Court again sides with Kohler, and finds that it should not order further disclosure—but on this point, the Court must simultaneously issue a proviso to Kohler. To be sure, the Court cannot order the disclosure of documents if those documents do not exist. And, taking the declaration of Mr. Mauk at face value, it seems that Kohler has undertaken an exhaustive search in an attempt to find documents that would satisfy Generac's discovery request. In such case, ordering a further and more extensive search would not yield any results. As such, the Court can see no reason to grant Generac's motion to compel the disclosure of further technical documents.

With that said, the Court now issues a stern warning to Kohler: the Court will not condone sandbagging. The Court takes the declaration of Mr. Mauk to be true, and relies on his representations in determining that further disclosure of technical documents is unnecessary. However, if it becomes apparent that Kohler has misrepresented its efforts and that it has not

performed an exhaustive search or has withheld any documents, then the Court will not hesitate to award attorney's fees and sanctions against Kohler.

Having set forth that proviso, the Court reaffirms its conclusion that it is obliged to deny Generac's motion to compel, as that motion relates to the disclosure of further technical documentation.

3. FINANCIAL DOCUMENT DISCOVERY

Finally, turning to the issue of disclosure of financial documents, Generac argues that Kohler has not disclosed an adequate amount of its financial documents. (Pl.'s Mtn. Compel 4). Generac seeks disclosure of documents "relating to cost bases, balance sheets, annual reports, and other critical documents." (Pl.'s Mtn. Compel 4). Kohler responds that it has provided Generac with all pertinent financial documents regarding the allegedly-infringing product, and that any remaining documents sought by Generac relate more broadly to the full stable of Kohler's Global Power division products. (Def.'s Resp. 4). Kohler argues that the more broad base of documents sought is irrelevant to any award of damages that Generac could win, if Generac were to prevail. (Def.'s Resp. 4).

Again, the Court agrees with Kohler. Generac has alleged that only one of Kohler's products infringes upon the Generac patent—it has not brought suit against Kohler alleging that all of Kohler's Global Power division products infringe or that some shared aspect of those products infringe. (Docket #19). As such, the Court finds no reasonable purpose for gathering information on the full stable of Kohler's Global Power division product line. Further, as with the source code discussed above, financial documents provide distinct insight into the business of their owner. The Court is uncomfortable demanding the disclosure of such sensitive products

to Kohler's direct competitor, when it simultaneously cannot identify a strong reason for their disclosure.

For these reasons, the Court is constrained to deny Generac's motion to compel, as that motion relates to the disclosure of further financial documents.

4. CONCLUSION

As discussed above, the Court has concluded that it is obliged to deny Generac's expedited motion to compel (Docket #21) in full.

Accordingly,

IT IS ORDERED that the plaintiff's expedited motion to compel (Docket #21) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 6th day of June, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge