UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GENERAC POWER SYSTEMS, INC.,

                           Plaintiff,

v.

KOHLER COMPANY and
TOTAL ENERGY SYSTEMS, LLC,

                          Defendants.

Case No. 11-CV-1120-JPS

ORDER

---

       On October 30, 2012, the plaintiff, Generac Power Systems, Inc. (Generac), filed an expedited motion, under Civil Local Rule 7(h), for leave to compel the deposition of two employees of Total Energy Systems, LLC (TES), as well as the production of an agreement between the lawyers for TES and Kohler Company (Kohler). (Exp. Mot. to Compel, Docket #81). TES and Kohler have since filed a joint brief in opposition to Generac's motion. (TES/Kohler Br. in Resp., Docket #83). They also submitted a copy of the agreement between their lawyers for *in camera* review.[1] The Court has reviewed the parties' submissions and now enters this Order, denying Generac's Motion.

       In their response brief, TES and Kohler notified the Court that they stipulated with Generac to produce the witnesses that were the subject of Generac's motion. (TES/Kohler Br. in Resp. 1). Therefore, that issue is moot,

---

[1] As of the writing of this brief, the *in camera* submission has not yet been docketed by the office of the Clerk of Court. The Court will direct that it be docketed under seal.

and the Court will deny Generac's motion in that regards accordingly without addressing its merits.

Thus, the only remaining issue concerns Generac's motion to compel the production of the agreement between the lawyers for TES and Kohler. (Exp. Mot. to Compel 3). Generac argues that the agreement is an indemnification agreement that is subject to disclosure under *C & C Jewelry Mfg., Inc. v. West*, 2011 WL 2433817, at *1–2 (N.D. Cal. June 13, 2011). In response, TES and Kohler argue that the agreement is a joint defense agreement not subject to disclosure under the attorney-client privilege and work-product exemption to disclosure. (TES/Kohler Br. in Resp. 1–3).

The Court agrees with TES and Kohler and will, therefore, deny Generac's motion to compel the production of the joint defense agreement between them.

The agreement is, indeed, a joint defense agreement as opposed to an indemnification agreement (as was at issue in *C & C Jewelry*, 2011 WL 2433817, at *1–2). In *C & C Jewelry*, the alleged agreement at issue concerned a third party's indemnification of the plaintiff against liability after the plaintiff was "put on notice of" the defendant's patents. 2011 WL 2433817, at *2. The alleged agreement in that case was not between two co-parties to the action and could have potentially been made prior to the plaintiff's having instituted the litigation. *Id.* In reaching its holding, the *C & C Jewelry* court focused on the potential that an indemnification agreement would encourage a third party to induce the plaintiff to infringe another's patent. The document Generac seeks, on the other hand, was created in anticipation of—and only after the institution of—litigation, and it is, therefore, correctly

classified as a joint defense agreement. TES and Kohler are both parties to this matter and entered the agreement on July 2, 2012, (long after the institution of the action) in an effort to coordinate their defense. (Kohler/TES Agreement, submitted *in camera*, at 6). The agreement embodies the defendants' legal strategies and coordination with one another in the defense of this case, as opposed to some pre-litigation agreement by one party to pay for the legal fees of the other in the case of trouble. Finally, *C & C Jewelry* made clear that it was requiring the plaintiff to turn over only "non-privileged" documents. 2011 WL 2433817.

Thus, while the Court has determined that the agreement between TES and Kohler is not an indemnification agreement and that, therefore, *C & C Jewelry* is inapplicable, even under that case the agreement would not be required to be disclosed if subject to privilege. *Id.*

Turning now to examine whether the agreement is subject to some privilege, the Court begins by determining that the common interest doctrine applies to the agreement between TES and Kohler. The common interest doctrine is not a source of confidentiality in and of itself, but rather provides that disclosure of privileged material between parties does not result in the waiver of privilege, so long as the parties share a "common interest" in the case. *McNally Tunneling Corp. v. City of Evanston*, 2001 WL 1246630, at *4 (N.D. Ill. Oct. 18, 2001) (citing *In re Federal Trade Comm'n*, 2001 WL 396522, at *2 (S.D.N.Y. Apr. 19, 2001); *Smithkline Beecham Corp. v. Apotex Corp.*, 193 F.R.D. 530, 539 (N.D. Ill. 2000); *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989); *IBJ Whitehall Bank & Trust Co. v. Cory & Assoc., Inc.*, 1999 WL 617842, at *3 (N.D. Ill. Aug. 12, 1999)). Here, both TES and Kohler have

common interests in the agreement—for instance, in agreeing not to bring suit against one another, and more broadly in having Generac's patent declared invalid. As such, the Court determines that the common interest doctrine applies to communications between them.

As to the application of privilege to the agreement, the Court notes that it has already determined the agreement to be a joint defense agreement, and it is, therefore, protected by the work-product exemption. *See, e.g., AMEC Civil, LLC v. DMJM Harris, Inc.*, 2008 WL 8171059, at *4 (D.N.J. July 11, 2008); *R.F.M.A.S., Inc. v. So*, 2008 WL 465113, at *1 (S.D.N.Y. Feb. 15, 2008) ("As a general matter, a joint-defense agreement fits within the broad definition of work product, which embraces documents prepared because of the prospect of litigation.") (citing *United States v. Adlman*, 134 F.3d 1194, 1202-03 (2d Cir. 1998); *McNally Tunneling Corp.*, 2001 WL 1246630, at *4; *A.I. Credit Corp. v. Providence Washington Ins. Co., Inc.*, 1997 WL 231127, at *4 (S.D.N.Y. May 7, 1997); *United States v. Bicoastal Corp.*, 1992 WL 693384, at *6 (N.D.N.Y. Sept. 28, 1992); *United States v. Int'l Longshoremen's Ass'n, AFL-CIO*, 2006 WL 2014093, at *1 (E.D.N.Y. July 18, 2006)); *see also McNally Tunneling Corp.*, 2001 WL 1246630, at *4 (protecting joint defense agreement under both attorney-client privilege and the work-product exemption).

Having been classified as work product, the joint defense agreement is not discoverable without a showing of substantial need, *AMEC Civil*, 2008 WL 8171059, at *4 ("Generally joint defense agreements are protected by work product privilege, and are therefore not discoverable without showing substantial need."), which Generac has failed to present here. Generac contends that "infringement agreements in patent cases [are] probative of

both an infringer's intent to induce infringement and willful infringement." (Exp. Mot. to Compel 3 (citing *C & C Jewelry*, 2011 WL 2433817, at *1–2)). But, the Court has already noted that this agreement was signed after the institution of the litigation, and therefore is not exceptionally probative of one party's inducement of another to infringe upon Generac's patents. Generac has not made any other arguments as to why this agreement is relevant, let alone why there would be a substantial need for its production.

As such, the Court is obliged to deny Generac's motion to compel the production of the joint defense agreement between TES and Kohler.

Accordingly,

IT IS ORDERED that the plaintiff's Motion to Compel (Docket #81) be and the same is DENIED as moot, insofar as the motion seeks leave to compel the deposition of employees of Defendant TES; and

IT IS FURTHER ORDERED that the plaintiff's Motion to Compel (Docket #81) be and the same is DENIED, insofar as it seeks to compel production of the joint defense agreement of Defendants TES and Kohler.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge