UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GENERAC POWER SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KOHLER COMPANY and <br> TOTAL ENERGY SYSTEMS, LLC, <br><br> Defendants. | Case No. 11-CV-1120-JPS <br><br><br> ORDER |

Defendant Kohler Company ("Kohler") filed a motion to clarify the Court's November 28, 2012 Order. (Kohler Mtn. Clarify (Docket #106)). In that motion, Kohler requested that the Court reconsider its ruling on the anticipation of Claim 23 of the '821 patent. The Court previously found that the Cummins-Onan PowerCommand system does not anticipate Claim 23, due to the PowerCommand's lack of ability to start and stop at a predetermined event. (Summary Judgment Order (Docket #104) at 32–33). Accordingly, the Court granted plaintiff Generac Power Systems, Inc. ("Generac"), summary judgment on that issue, holding that the PowerCommand system definitively does not anticipate Claim 23. (Summary Judgment Order at 43–44).

In its Motion to Clarify, Kohler argues that the Court's claim construction required the ability to start and stop "at a specified time *or event.*" (Kohler Mtn. Clarify at 1 (citing Court's Summary Judgment Order at 18, 19, 32) (emphasis in original)). Kohler places specific emphasis on the disjunctive nature of the construction, arguing that the "*or*" means that the

fourth and fifth process elements are met if the PowerCommand system has the ability to start and stop at *either* a specified time *or* at a specified event. (Kohler Mtn. Clarify at 1–2). Kohler further argues that, even if the Court's construction were to be phrased in the conjunctive, the PowerCommand system is able to shut down upon specified events, such as the loss of utility power. (Kohler Mtn. Clarify at 2–3). Accordingly, Kohler seeks that this Court hold that Claim 23 is anticipated and invalid, such that the remainder of this case should be dismissed.

At the Court's behest, Generac filed a response, which simultaneously responded to Kohler's Claim 23 arguments and raised new issues relating to both Claim 19 and Claim 23. (Generac Resp. (Docket #128)). In addressing Kohler's Claim 23 arguments, Generac posits that the PowerCommand system does not allow for the setting of a "specified time," because it only allows for a time delay adjustment. (Generac Resp. 4–5). Generac also argues that the Court should deem process elements four and five of Claim 23 to be conjunctive, such that Claim 23 is not anticipated because the PowerCommand system does not contemplate starting and stopping at a predetermined event. (Generac Resp. 4–5). In addition to that limited response, Generac also urges the Court to overturn its Claim 19 anticipation ruling and determine that the PowerCommand system does not anticipate either Claim 19 or Claim 23. (Generac Resp. 1–3). Generac bases its argument—which, the Court notes parenthetically, is essentially a motion for reconsideration—on late-produced documents, which Generac argues establish that the PowerCommand system is incapable of setting predetermined operating parameters. (Generac Resp. 1–3).

Kohler filed its reply, maintaining its previously-asserted arguments and further arguing that Generac's newly-minted reconsideration arguments should be ignored. (Kohler Reply (Docket #144) at 1–3).

To insure clarity, the Court will address each of these arguments separately, beginning with Generac's Claim 19 arguments and then moving on to both parties' Claim 23 arguments.

1.  CLAIM 19

The Court may reconsider a prior ruling when new evidence has become available. *See, e.g.*, *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995); *Executive Center III, LLC v. Meieran*, 823 F. Supp. 2d 883, 897 (E.D. Wis. 2011). Here, there is new evidence available, in the form of a late-produced PowerCommand Network Manual, and accordingly reconsideration is appropriate.[1]

However, even with the benefit of new information, the Court still finds that the PowerCommand system anticipates Claim 19.

The Court previously determined that predetermined operating parameters are "[p]arameters that when varied change the operation of the system." (*See, e.g.*, Summary Judgment Order at 13–14). That definition does not include a separate explanation of the term "predetermined," as it perhaps would have if the parties had raised this issue at the time. Predetermined, of course, means "determined in advance." OXFORD ENGLISH DICTIONARY, Online (September 2012). This, itself, raises the additional question of what time the parameters must be determined in advance of. The patent itself does

---

[1] The Court understands and sympathizes with Kohler that it was not given an adequate chance to respond to what is essentially a motion for reconsideration. However, given that the Court ultimately sides with Kohler on this issue, the Court does not believe that such an opportunity is necessary.

not include any indication as to what, exactly, those parameters must be determined in advance of. In the absence of such indication, the only logical time for predetermination cutoff is prior to the implementation of those parameters by transmission to the generator set, because it is at that juncture that the user can no longer determine those values. Thus, to clarify, the Court determines that predetermined operating parameters are parameters that are set prior to their transmission and when varied change the operation of the system.[2]

Generac notes that the PowerCommand system only allows for "start, stop, wake up, load demand on/off, etc.," which it argues do not constitute predetermined operating parameters. (Generac Resp. at 2–3). Contrary to Generac's argument, start and stop (let alone wake up or load demand on/off) are parameters that change the operation of the system, and are thus operating parameters.

The issue is, therefore, whether the PowerCommand system allows those parameters to be determined in advance of their transmission to a generator. Generac and its experts argue that any operating parameters must be set in real time, meaning that they cannot be predetermined. (Generac Resp. at 2 (citing 12/3/12 De La Ree Decl. (Docket #132) at ¶ 8; Kirchner Decl. (Docket #129) at ¶ 5)). Generac's experts provide little evidence to support their conclusions that the controls must be set in real time. (*See* 12/3/12 De La

---

[2] "District courts may engage in a rolling claim construction, in which the court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves.*" Jack Guttman, Inc. v. Kopykake Enters., Inc.*, 302 F.3d 1352, 1361 (Fed. Cir. 2002) (citing *Sofamor Danek Group, Inc. v. DePuy-Motech, Inc.*, 74 F.3d 1216, 1221 (Fed. Cir. 1996)). Here, the Court's understanding of the technology—and, it seems the parties' understanding of the technology—is still evolving. Thus, it is not inappropriate for the Court to make this slight clarification.

Ree Decl. at ¶¶ 4–8 (citing Preliminary PowerCommand Network Installation and Operation Manual (Docket #130, Ex. A) at 152248–152249; PowerCommand Software for Windows, Brochure S-1088 (Docket #130, Ex. B) at 0066238); Kirchner Decl. at ¶¶ 2–5 (citing Preliminary PowerCommand Network Installation and Operation Manual at 152248–152249)). However, even if the PowerCommand system *does* require real-time input of parameters as Generac asserts, those parameters would still be determined prior to transmission, making them predetermined operating parameters. Moreover, the PowerCommand software brochure states that a user must "confirm all commands before…they are sent to the genset," implying that the parameters may be set prior to the real-time user confirmation and, therefore, making them determined in advance of their transmission. (PowerCommand Software for Windows, Brochure S-1088 at 0066238). Accordingly, the Court is obliged to determine that, even with the newly-disclosed evidence in hand, Claim 19 is anticipated, because the PowerCommand system allows for setting predetermined operating parameters.

2. CLAIM 23

By extension, Generac makes the same argument as to Claim 23 that it did for Claim 19—essentially, that the new information conclusively establishes that the PowerCommand system does not match the second or third process elements of Claim 23 (as related to predetermined operating parameters), and, therefore, cannot anticipate that Claim. (Generac Resp. at 3–4). For the same reason as noted above relating to Claim 19, this argument fails. The Court has confirmed its previous finding that the PowerCommand system allows for the setting and transmission of predetermined operating

parameters, in satisfaction of the second and third process elements in Claim 19, which are identical to those in Claim 23 and, therefore, those elements in Claim 23 are also satisfied.

The Court next turns to Kohler's argument that the Court should clarify its prior Order and hold that the PowerCommand system anticipates Claim 23 of the '821 patent. On this point, Kohler argues that the disjunctive "or" in the Court's construction implies that the fourth and fifth process elements of Claim 23 would be met if the PowerCommand system allowed for either starting and stopping at a specified time *or* starting and stopping at a specified event. (Kohler Mtn. Clarify at 1–2; Kohler Reply at 1–2). But that is a misunderstanding of the Court's construction. The Court's use of the disjunctive "or" connotes the ability to perform a range of stopping capabilities. In other words, to satisfy the fourth and fifth process elements of Claim 23, a system must be able to start and stop at a range of events such as the reaching of a pre-specified time or date to the loss of utility power. In reaching its claim construction, the Court relied on the Declaration of Dr. Jamie De La Ree, who urged this very range of capabilities understanding in his submission to the Court. (Summary Judgment Order at 18 (citing 9/10/12 De La Ree Decl. (Docket #49, Ex. 2) at 39–40)). Furthermore, the range of capabilities understanding is fully consistent with the Court's chosen language, under which a system allows for starting and stopping at a specified time and also allows for starting and stopping at a specified event.

Kohler further argues that the PowerCommand system is capable of engaging in the event of lost power, in satisfaction of the Court's reading of the fourth and fifth process elements. (Kohler Mtn. Clarify 2–3). The PowerCommand may be able to start and stop at the loss and re-gaining

of utility power, but that ability seems either to affect *all* of the generator sets (*see* PowerCommand Paralleling Digital Master Control Isolated Bus Applications 7/95 Bulletin PCP-002A (Docket #45, Ex. 4) at 7) or to simply provide a user with warnings or messages related to conditions (*see* PowerCommand Paralleling Generator Set Control 1/96 Bulletin S-1005 (Docket #45, Ex. 1) at 5). Neither of those abilities satisfy the fourth and fifth process elements of Claim 23, which require the ability to *actually* start and stop *selected* (implying the capability to start and stop less than all) generator sets at predetermined times and events. Thus, the Court's determination that the PowerCommand system does not anticipate Claim 23 is correct and should stand.

3. CONCLUSION AND SCHEDULING MATTERS

The Court is thus obliged to deny Kohler's Motion to Clarify (Docket #106). Thus, the case stands in the same posture as noted by the Court in its Revised Summary Judgment Order (Docket #108). Both the parties and the Court have amply prepared for trial, and will, therefore, proceed to trial as previously scheduled; Kohler's Motion to Continue the Trial Date (Docket #99) will thus be denied, as well.

The Court must also deny Kohler's Motion to Bifurcate this matter into two separate trials (one regarding invalidity and one regarding infringement) (Docket #110). Bifurcation in patent matters "is the exception, not the rule." *Real v. Bunn-O-Matic Corp.*, 195 F.R.D. 618, 620 (citing *Remcor Products Co. v. Servend Int'l Inc.*, 1994 WL 594723 (N.D. Ill. Oct. 28, 1994); *THK Am. Inc. v. NSK Co. Ltd.*, 151 F.R.D. 625 (N.D. Ill. 1993); *Kimberly-Clark Corp. v. James River Corp. of Va.*, 131 F.R.D. 607, 608 (N.D. Ga. 1989). Indeed, "'[C]ourts should not order separate trials unless such a disposition is clearly

necessary.'" *Real*, 195 F.R.D. at 620 (quoting *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992)). Here, bifurcation would require the selection of two separate juries, each of which would have to be apprised of the highly technical nature of this case. Kohler has not shown that separate trials are clearly necessary, and judicial economy would best be served by trying the issues in one trial. Thus, the Court will deny Kohler's Motion to Bifurcate (Docket #110).

Accordingly,

IT IS ORDERED that Kohler's Motion to Clarify (Docket #106) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that Kohler's Motion to Continue the Trial Date (Docket #99) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Kohler's Motion to Bifurcate (Docket #110) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge