# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GENERAC POWER SYSTEMS, INC.,

                 Plaintiff,

v.

KOHLER CO. and
TOTAL ENERGY SYSTEMS LLC,

                 Defendants

Case No. 11-CV-1120-JPS

## JURY INSTRUCTIONS

P A R T  I
General Introduction

MEMBERS OF THE JURY:

Now that you have heard all the evidence in the case, it becomes my duty to instruct you on the law which applies to this case.

These instructions will be in three parts.

| | |
|---|---|
| First: | The instructions on general rules which define and control the jury's duties in a civil case; |
| Second: | The instructions which state the rules of law which you must apply, that is what each party must prove in its case; and |
| Third: | Some rules and guidelines for your deliberations and return of your verdict. |

At the conclusion of my instructions, the attorneys for the parties will deliver their closing arguments followed by the concluding instructions of the court.

Copies of these instructions will be available in the jury room for each of you to consult should you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you in these instructions whether you agree with the law or not. All of the instructions are equally important and should be considered together as a connected series and regarded as the law applicable to the case. As jurors, you have no right to disregard, or give special attention to any one of the instructions, or to question the wisdom of any rule of law.

In this case, the parties are corporations. All parties, including corporations, are equal before the law, and a corporation is entitled to the same fair consideration that you would give an individual person.

As jurors, you should consider and view the evidence in light of your own observations and experiences in the affairs of life.

In determining the facts, you should do so from a fair consideration of the evidence. That means you must not be influenced by prejudice, fear, favor, personal likes or dislikes, opinions or sympathy.

In reaching your verdict, you may consider only the testimony and exhibits received in evidence. Certain things are not evidence and you may not consider them in determining what the facts are. Those matters and things which are not evidence include the following:

First: Arguments and statements by the lawyers for the parties are not evidence. The lawyers are not witnesses. What they have said in their opening statements served to acquaint you with the facts they expected the evidence to show. What the attorneys say in their closing arguments is intended to help you interpret the evidence. You should consider carefully the closing arguments of the attorneys; however, if the facts as you

remember them differ from the way the lawyers have characterized them, keep in mind that it is your recollection which should control during your deliberations and not the statements of the attorneys.

Second:      Questions and objections by lawyers are not evidence. The lawyers for the parties have a duty to object to what they feel are improper questions asked of the witnesses. You should not draw any conclusions for either side from the fact that an objection was made to any question and that the witness may not have been permitted to answer it.

Third:      Testimony which has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received for a limited purpose, you must follow the limiting instruction given as to such matters.

Fourth:      Anything you may have heard or seen about this case outside the courtroom must be entirely disregarded by you. You are to decide this case solely on the basis of the evidence received during the trial.

If, during the course of this trial, you have gained any impression that I have a feeling one way or another about this case, then you should completely disregard any such impression because you, as jurors, are the sole judges of the evidence and the credibility of the witnesses in this case. My feelings are wholly immaterial. Neither by these instructions, nor by any ruling or remark which I have made, do I mean to indicate any opinion as to

the facts or as to what your verdict should be. You are the sole and exclusive judges of the facts.

In determining the facts, you are reminded that before each member of the jury was accepted and sworn to act as a juror, you were asked questions regarding your competency, qualifications, fairness and freedom from prejudice or sympathy. On the faith of those answers, each of you was accepted by the parties to serve as a juror. Therefore, those answers are as binding on each of you now as they were then, and should remain so until the jury is discharged from consideration of this case.

Those jurors who may have sat in a criminal case have heard of proof beyond a reasonable doubt. As I stated in my preliminary instructions, that standard does not apply in a civil case such as this one and, therefore, you should put it out of your mind.

In this civil action, the burden is on the plaintiff, Generac Power Systems, to prove every essential element of its infringement claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Generac's claim by a preponderance of the evidence in the case, the jury should find for the defendant as to such claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. To put it differently, if you were to put plaintiff's and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on its side. This rule does not, of course,

require proof to an absolute certainty, since proof to an absolute certainty is seldom, if ever, possible in any case.

As a defense to infringement, Kohler Company and Total Energy Systems (TES) have alleged that Generac's patent is invalid. Kohler and TES must establish invalidity by clear and convincing evidence. If the proof should fail to establish any essential element of invalidity by clear and convincing evidence in the case, you should find for the plaintiff as to such claim.

To "establish by clear and convincing evidence" means to prove that there is a high probability that something is true. In other words, clear and convincing evidence in the case means such evidence as produces in your minds belief that what is sought to be proved has a high probability of truth. This is a higher burden of proof than the preponderance of the evidence standard. Clear and convincing evidence must produce in your minds a firm belief or conviction as to the matter sought to be established.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question, regardless of who introduced it.

If you find that Kohler and/or TES have infringed upon Generac's patent claim, and that such claim is not invalid, then you must determine damages. Generac has the burden of proving damages by a preponderance of the evidence.

The evidence from which you are to determine the facts in order to reach a verdict consists of:

First: The sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

Second: The exhibits which have been received into evidence, regardless of who may have produced them, and

Third: Any facts to which the lawyers for the parties have agreed or stipulated.

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

You will also recall that, during the course of this trial, I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

During the course of the trial, I occasionally may have asked questions of a witness, in order to bring out facts not then fully covered in the testimony. Please do not assume that I hold any opinion on the matters to which my questions may have related. Remember that you, as jurors, are at liberty to disregard all comments of the court in arriving at your own findings on the facts.

There are two kinds of evidence – direct and circumstantial. Direct evidence is direct proof of a fact such as the testimony of a person who claims to have personal knowledge, such as an eyewitness. Circumstantial evidence, on the other hand, is proof of a chain of facts and circumstances from which you could find that another fact exists even though it has not been proved directly. The law makes no distinction between the weight to be given either direct or circumstantial evidence. Therefore, all of the evidence in the case, including circumstantial evidence, should be considered by you in arriving

at your verdict. It is for you to decide whether a fact has been proved by circumstantial evidence.  In making that decision, you must consider all the evidence in the light of reason, common sense and experience.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proven, such reasonable inferences as seem justified in the light of your experience.

Certain demonstrative exhibits, such as models, diagrams, devices, and sketches, have been shown to you. Those demonstrative exhibits were used by the parties for their convenience and to help explain the facts of the case. The demonstrative exhibits, however, are not themselves evidence or proof of any facts.

Any notes you may have taken during the trial are only aids to your recollection of the evidence and testimony. Your notes do not constitute evidence in the case. If you have not taken notes, you should rely upon your independent recollection of the evidence and not be influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the evidence and testimony.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.  However, you should not be influenced by any person's race, color, religion, national ancestry, or sex.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also: any relation each witness may bear to either side of the case; the manner in which each witness might be affected by your verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case. After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves. In short, you may accept or reject the testimony of any witness in whole or in part.

During the trial, attorneys for the parties questioned certain witnesses regarding prior statements or acts that those witnesses may have made. You may consider those prior inconsistent statements in reaching your verdict, but your consideration of those statements must differ based upon the situation in which they were offered. If a prior statement was given by a witness under oath before trial, then you may consider that prior statement for two purposes: first, as evidence of the truth of what was said in the prior statement; and, second, as part of your decision on what weight to give the witness's testimony. On the other hand, if the witness did not make the prior statement under oath or acted in a manner that is inconsistent with the witness's testimony here in court, then you may consider that evidence only for the purpose of deciding whether the witness's testimony in court was true and what weight it should receive. Whenever considering a witness's

prior statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

During the trial, certain testimony was presented to you by the reading of a deposition or showing of a video clip. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Witnesses who, by education and experience, have become expert in some art, science, profession, or calling, may state their opinions as to relevant and material matters in which they profess to be expert, and may also state their reasons for the opinion.

In this case, you have heard the testimony of several witnesses, all of whom testified as experts about matters requiring special knowledge or skill. You should consider their opinions, and give them such weight as you may think they deserve. In determining the weight to be given each opinion, you should consider the qualifications and credibility of the expert, whether the opinion is based upon established or conceded facts in the case, as well as the reasons given for the opinion.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial. You should be aware, however, that it is proper for a lawyer to meet with any witness in preparation for trial.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds

belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds. The test is not which side brings in the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Case 2:11-cv-01120-JPS   Filed 12/17/12   Page 10 of 31   Document 166

# P A R T II

## The Law as Related to the Parties' Claims

Generac contends that its U.S. Patent No. 6,653,821 (the "'821 patent") has been infringed by defendants Kohler and TES. Kohler and TES allege that none of the accused products infringe the '821 patent, and further that the '821 patent is not valid.

There are seven (7) main issues that you must decide in this case.

1.      Whether Generac has proved by a preponderance of the evidence that Kohler has directly infringed claim 23 of Generac's U.S. Patent No. 6,653,821. (*Please refer to Special Verdict Question No. 1 together with Section 2.1 of these instructions for further information regarding this question.*)

2.      Whether Generac has proved by a preponderance of the evidence that TES has directly infringed claim 23 of Generac's U.S. Patent No. 6,653,821. *(Please refer to Special Verdict Question No. 2 together with Section 2.1 of these instructions for further information regarding this question.)*

3.      Whether Generac has proved by a preponderance of the evidence that Kohler has induced infringement of claim 23 of Generac's U.S. Patent No. 6,653,821. *(Please refer to Special Verdict Question No. 3 together with Section 2.2 of these instructions for further information regarding this question.)*

4.      Whether Generac has proved by a preponderance of the evidence that Kohler has contributed to the infringement of claim 23 of Generac's U.S. Patent No. 6,653,821. *(Please refer to Special Verdict Question No. 4 together with Section 2.3 of*

*these instructions for further information regarding this question.)*

5.      Whether Kohler and TES have proved by clear and convincing evidence that claim 23 of Generac's U.S. Patent No. 6,653,821 is invalid as anticipated. *(Please refer to Special Verdict Question No. 5 together with Section 3.1 of these instructions for further information regarding this question.)*

6.      Whether Kohler and TES have proved by clear and convincing evidence that claim 23 of Generac's U.S. Patent No. 6,653,821 is invalid as obvious. *(Please refer to Special Verdict Question No. 6 together with Section 3.2 of these instructions for further information regarding this question.)*

7.      If Generac has proved that Kohler and/or TES have infringed claim 23 of the patent, and Kohler and TES have failed to prove that claim 23 is invalid as anticipated or obvious, then you must determine what amount of damages, if any, Generac has proved. *(Please refer to Special Verdict Questions Nos. 7 and 8 together with Section 4 of these instructions for further information regarding this question.)*

I will now provide you with further instructions on the law relating to each party's contentions.

1.      Patent Interpretation

At the beginning of trial, you were provided with some general information about patents, the patent system, and the patent laws relevant to this case. I will now give you more detailed instructions about those aspects of patent law that specifically relate to this case.

1.1     The Parts of a Patent

A patent includes two basic parts: a written description of the invention, and the patent claims. The written description, which may include drawings, is often called the "specification" of the patent.

You have been provided with a copy of the '821 patent. You may wish to look at your copy of the patent as I identify its different sections.

The first page of the '821 patent provides identifying information, including the date the patent issued and patent number along the top, as well as the inventor's name, the filing date, the assignee, which is the company or individual that currently owns the patent, and a list of the prior art publications considered in the Patent Office during the time the patent was being sought.

The specification of the patent begins with a brief statement about the subject matter of the invention, which is called an abstract. This is found on the first page.

Next are the drawings, which appear as Figures 1 to 10 on the next 11 pages. The drawings depict various aspects or features of the invention. They are described in words later in the patent specification.

The written description of the invention appears next. In this portion of the patent, each page is divided into two columns, which are numbered at the top of the page. The lines on each page are also numbered. The written description of the '821 patent begins at column 1, line 1, and continues to column 11, line 64. It includes a background section, a summary of the invention, and a detailed description of the invention, including some specific examples.

The written description is followed by one or more numbered paragraphs, which are called the patent claims.

### 1.2 The Patent Claims

The claims of a patent are the numbered paragraphs at the end of the patent. The claims describe what the patent owner may prevent others from doing.

Claims are usually divided into parts or steps, called "limitations," "elements" or "requirements." The claims of a patent define the invention covered by the patent.

We are concerned with claim 23 of the '821 patent. Generac contends that Kohler and TES infringed this claim. Kohler and TES deny this and contend that claim 23 is invalid.

When a process is accused of infringing a patent, the patent claims must be compared to the accused process to determine whether infringement has been proven. The claims are also at issue when the validity of a patent is challenged. In reaching your determinations with respect to infringement and invalidity, you must consider each claim of the patent.

You will first need to understand what each claim covers in order to decide whether or not there is infringement of the claim and to decide whether or not the claim is invalid. The law says it is my role to define the terms of the claims and it is your role to apply my definitions to the issues that you are asked to decide in this case, and shortly, in the next section, I will provide you with those definitions.

I will provide you with more information regarding infringement and invalidity later. But, generally, you should be aware that it will be your job to determine whether the claim as a whole, including each of its elements (also called "claim elements" or "claim limitations"), covers the process practiced by Kohler or TES or whether each piece of the claim was disclosed by prior art such that the claim would be invalid.

### 1.3     Interpretation of the Patent Claims

I have provided you with a copy of the '821 patent. As I just mentioned, the law requires that I define the terms of the claims. I have done so and will provide you with those definitions shortly. You must use these definitions in making your decision. The words and phrases I have defined are as follows:

1.    "At least one" means one or more than one.

2.    "Generator set" requires an engine, a generator control, and a communications link.

3.    "Network" means a communication system for the transmission of information, across which travels information that may be individually addressed to generators or devices intended for the monitoring and control of those generators.

4.    "Load" means a device that consumes electrical power for its operation.

5.    "Selecting each generator set" implies the inclusion of a user interface.

6.    "Predetermined Operating Parameters" means parameters that are set prior to their transmission and when varied change the operation of the system; the Court has previously determined that "start" and "stop" may be an operating parameter.

7.    "Starting the selected generator set at a first predetermined time" requires the ability to actually start selected (implying the capability to start less than all) generator sets at predetermined times and events, meaning the system must be able to start generator sets in response to a range of

occurrences such as the reaching of a pre-specified time or date to the loss of utility power.

8. "Stopping the selected generator set at a second predetermined time" requires the ability to actually stop selected (implying the capability to stop less than all) generator sets at predetermined times and events, meaning the system must be able to stop generator sets in response to a range of occurrences such as the reaching of a pre-specified time or date to the loss of power.

2. Law as Related to Generac's Claim of Infringement

The owner of a patent has the right to prevent others from making, using, offering for sale, selling, or importing the invention covered by the patent. A process infringes a patent if that process is covered by at least one claim of the patent.

I have already told you the meaning of any disputed terminology in the patent claim. You must use those meanings, which I already provided, to decide whether the patent is infringed.

As discussed above, Generac contends that Kohler and TES infringed claim 23 of the '821 patent. I will now discuss the law relating to patent infringement.

2.1 Generac's Claim of Direct Infringement

Generac contends that Kohler and TES have infringed claim 23 of the '821 patent. To succeed on this contention, Generac must prove by a preponderance of the evidence that Kohler and/or TES practiced every step of claim 23, or that another individual practiced every step thereof as the agent of or under the direct control of Kohler and/or TES.

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair, or does some service for the principal, with or without compensation. The agreement may be oral or written, express or implied.

If you find that one person has the right to control the actions of another at a given time, you may find that the relation of principal and agent exists, even though the right to control may not have been exercised.

As I stated in the previous instruction, infringement occurs if each requirement of a claim is found in Kohler's and/or TES's process. As I have explained, Generac contends that Kohler and TES infringed claim 23 of Plaintiff's patent. To determine whether Kohler and/or TES infringed claim 23 of the '821 patent, you must compare the method carried out by Kohler and/or TES to claim 23—not to any product on the market—and determine if Kohler and/or TES performed every step of the process in claim 23. Alternatively, there is infringement if someone, including TES, practiced every step of the Generac patent as an agent of or under the direct control of Kohler. A step in the method carried out by Kohler and/or TES as an agent of Kohler is equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result.

A requirement of a claim is found in the method carried out by Kohler and/or TES if the requirement is in the method exactly as it is in the claim.

If all of the requirements of the claim are in the method practiced by Kohler and/or TES exactly as they are in the claim, that is called "literal infringement."

2.2     Generac's Claim of Indirect Infringement—Inducement

Generac contends that Kohler induced others to infringe claim 23 of the '821 patent. To succeed on this contention, Generac must prove each of the following by a preponderance of the evidence:

1.     Kohler knew of the '821 patent.

2.     Kohler acted, encouraged, instructed, caused, or aided others to perform the actions here accused of infringement.

3.     Kohler knew or should have known that its actions would cause others to individually or collectively infringe.

To be clear, all steps of claim 23 must be performed in order to find induced infringement. This may be established by proving that a third party, either individually or collectively with Kohler, performed each of those steps

2.3     Generac's Claim of Indirect Infringement—Contributory Infringement

Generac contends that Kohler contributed to the infringement of claim 23 of the '821 patent. To succeed on this contention, Generac must prove the following by a preponderance of the evidence:

1.     Kohler knew of the '821 patent.

2.     Kohler sold DPS systems which form a material part of the invention described in claim 23 in the '821 patent.

3.     Others infringed claim 23 of the '821 patent by using DPS systems.

4.     Kohler knew or should have known that DPS systems were specially made or adapted for a use that would infringe claim 23 of the '821 patent.

5.     DPS systems do not have substantial non-infringing uses.

2.4    Additional Information: Doctrine of Equivalents

I have already instructed you that, in order to find that Kohler and/or TES have infringed claim 23, you must first find that every requirement of claim 23 has been practiced. There is a legal concept known as the "doctrine of equivalents" that further clarifies when a claim requirement has been practiced.

Under the doctrine of equivalents, a step in Kohler's and/or TES's process is equivalent to a claim requirement if it performs substantially the same function, in substantially the same way, to reach substantially the same result. One factor you may consider in making that determination is whether a person of ordinary skill in the field of the invention would have regarded Kohler's and TES's step to be interchangeable with the claim requirement.

In determining infringement by equivalence, you must rely upon the meanings for the claim requirements addressed in Section 1.3 of these instructions.

3.    Law as Related to Kohler's and TES's  Claim of Invalidity

Kohler and TES have challenged the validity of claim 23 of the '821 patent, on the basis of two separate concepts: anticipation and obviousness.

Claim 23 is presumed to be valid. For this reason, to establish invalidity under either anticipation or obviousness, Kohler and TES must prove such invalidity by clear and convincing evidence– the burden of proof discussed in Part I of these instructions.

3.1    Kohler's and TES's Anticipation Contention

A patent claim is invalid if the invention it describes is not new. If there is "prior art" that already shows the same invention covered by a patent claim, then the claim is invalid because it is "anticipated" by the prior art.

Kohler and TES contend that claim 23 of the '821 patent is invalid because it is anticipated by prior art.

To succeed on this contention, Kohler and TES must prove two things by clear and convincing evidence:

1.      All of the requirements of claim 23 are expressly stated or inherent in a single item of prior art. Where the item of prior art is a system, its components need not appear in any single document, but instead may be described in more than one document if Kohler and/or TES have first proven by clear and convincing evidence that the prior art system existed in the public domain.

2.      A person of ordinary skill in the field of the invention, looking at the single prior art item, would be able to make and use the invention disclosed in the claim without an unreasonable amount of experimentation. Whether the amount of experimentation is unreasonable depends on the complexity of the field of the invention and the level of expertise and knowledge of persons of ordinary skill in that field. If you find that Kohler and TES have proved each of these by clear and convincing evidence as to a particular patent claim, then you must find for Kohler and TES on that patent claim.

3.2     Kohler's and TES's Obviousness Contention

Kohler and TES contend that claim 23 of the '821 patent is invalid because it was obvious.

To succeed on this contention, Kohler and TES must prove, by clear and convincing evidence as to the particular claim you are considering, that a person of ordinary skill in the field of the invention, who knew about all the

prior art existing at the time the invention was made, would have come up with the invention of claim 23 at that time. In determining obviousness you must consider the claim as a whole including each of its elements. Unlike anticipation, obviousness may be shown by considering two or more items of prior art in combination.

In deciding obviousness, you should put yourself in the position of a person with ordinary skill in the field at the time of the claimed invention. You must not use hindsight; in other words, you may not consider what is known now or what was learned from the '821 patent. In addition, you may not use the '821 patent as a roadmap for selecting and combining items of prior art.

In deciding obviousness, you may also consider whether a person of ordinary skill in the field would have been discouraged from following the path the inventor took, keeping in mind that Generac is not required to show such discouraging factors. As I have stated, Kohler and TES have the burden of proving obviousness by clear and convincing evidence.

In making your decision regarding obviousness, you should consider the following:

1.     The scope and content of the prior art. You may consider prior art that was reasonably relevant to the problem the inventor faced, including prior art in the field of the invention and prior art from other fields that a person of ordinary skill would consider when attempting to solve the problem.

2.     Any differences between the prior art and the invention in the patent claim.

3.     The level of ordinary skill in the field of the invention at the time of the invention.

4.    Any of the indications of non-obviousness described in the next instruction that are shown by the evidence.

As I stated in the previous instruction, in deciding obviousness you should consider any of the following factors that, if present in the case, may indicate the invention was not obvious:

-    the invention achieved commercial success, so long as the commercial success resulted from the claimed invention, rather than from something else, such as innovative marketing;

-    the invention satisfied a long-felt need;

-    others failed in attempting to make the invention;

-    others copied the invention;

-    the invention achieved unexpected results;

-    Kohler and/or TES or others in the field praised the invention;

-    others sought or obtained rights to the patent from the patent holder;

-    experts; or persons of ordinary skill in the field of the invention; expressed surprise at the making of the invention; or

-    the inventor proceeded contrary to accepted wisdom.

Not all of these factors may be present. No single factor is more or less important than the others. The term "invention" in this instruction means the method recited in claim 23.

The fact that each of the elements of the claim may be found in prior art is not enough, by itself, to prove obviousness. In determining whether Kohler and TES have proved obviousness, you may combine multiple items of prior art only if there was an apparent reason for a person of ordinary skill in the field to combine them in the same way as in Generac's claimed

invention. In deciding this, you may consider, among other things, any of the following factors:

- what the prior art suggests about combining;

- the knowledge possessed by persons who have ordinary skill in the field of the invention; or

- the effects of market pressures and design needs that existed at the time, and the number of identified and predictable solutions for those demands.

3.3    Additional Information: Prior Art

As I have already mentioned, in addressing Kohler's and TES's invalidity defenses, you will have to consider what is disclosed in the "prior art."

The parties agree that the following items are prior art: U.S. Patent No. 5,734,255 to Thompson et al., U.S. Patent No. 6,697,951 to Sinha, U.S. Patent No. 5,278,771 to Nyenya, and the Cummins PowerCommand.

The parties dispute that one or more of the following systems existed as specific systems and constitute prior art: Encorp Virtual Power Plant, Kohler Decision Maker 340, and Generac's Utility 50 product.

Before you may consider any disputed reference to be prior art for purposes of Kohler's and TES's defense of anticipation, Kohler and TES must prove by clear and convincing evidence that the reference was any one of the following:

- known or used by someone else in the United States before the date of invention, unless the knowledge or use was private or secret; or

- in public use or on sale in the United States more than one year before the patent application was filed; or

- patented by someone else before the date of the invention or more than one year before the patent application was filed; or

- described in a publication before the date of the invention or more than one year before the patent application was filed; or

- described in a published patent application filed in the United States, or a foreign country, before the date of invention.

### 3.3.1 Definition of "Date of Invention"

The term "date of invention," as used in the previous instruction, means June 15, 2001, the date the patent application was filed, unless Generac proves by a preponderance of the evidence that the invention was conceived and actually reduced to practice at an earlier date. An invention is "conceived" when the inventor has formed the idea of how to make and use every aspect of the claimed invention. An invention is "actually reduced to practice" when it is made or when the inventor determines that it will work for its intended purpose.

To establish an earlier date, Generac must prove by a preponderance of the evidence that the invention was actually reduced to practice at an earlier date, in which case that date is the invention date, or the inventor conceived the invention before the date of the prior art and used reasonable diligence before the date of the prior art to reduce the invention to practice, in which case the date of the invention is the date when the invention was conceived. Reasonable diligence means the inventor worked continuously to reduce the invention to practice, allowing for everyday interruptions.

### 3.3.2 Definition of "On Sale"

An item or process including a system, such as those that Kohler and TES asserts are prior art is "on sale," as that term is used in these instructions, if it was the subject of a commercial offer for sale in the United States more

than one year before the patent application date, and if, at that time, there was reason to believe that the item or process would work for its intended purpose. A single offer to sell, primarily for profit rather than for experimental purposes, is sufficient, even if no actual sale was made.

### 3.3.3   Definition of "Publication"

To qualify as a "publication," as that term is used in these instructions, the article, patent, or other reference must be disseminated or reasonably accessible to persons interested in the field of the invention. This definition may include a patent issued by the United States Patent and Trademark Office.

### 3.4   Additional Information: Person of Ordinary Skill

Some issues in patent cases are determined by reference to a "person of ordinary skill in the field of the invention," a term that I will use later in these instructions. In this case, the field of the invention is electrical power generation, which includes methods for monitoring and controlling generator sets to manage the distribution of electrical power.

It is up to you to decide the level of ordinary skill. In making this decision, you should consider all the evidence, including:

- the levels of education and experience of persons working in the field;

- the types of problems encountered in the field; and

- the sophistication of the technology in the field.

### 4.   Damages: Reasonable Royalty

If you find that either Kohler or TES infringed claim 23 of the '821 Patent and that claim 23 is valid, you must then consider what amount of damages to award to Generac. Generac must prove damages by a preponderance of the evidence.

I will now instruct you about the measure of damages. By instructing you on damages, I am not suggesting which party should win on any issue. If you find infringement, you are to award Generac damages adequate to compensate Generac for that infringement. The damages you award are intended to compensate the patent holder, not to punish the infringer.

Generac may be entitled to recover damages in the form of a reasonable royalty for each system used to perform the patented process. A reasonable royalty is defined as the amount the patent owner and someone wanting to use the patented invention would agree upon as a fee for use of the invention.

I will now provide you with some additional instructions relating to the subject of reasonable royalties.

A royalty is a payment made to the owner of a patent by someone else so that he can make, use, offer for sale, and sell the patented invention. A "reasonable royalty" is the amount Generac and Kohler and TES would have agreed upon as a royalty at the time Kohler's and TES's infringement began.

In determining a reasonable royalty, you should assume that Generac would have been willing to allow Kohler and TES to make, use, offer for sale, and sell the patented invention and that Kohler and TES would have been willing to pay Generac to do so. You should take into account what Generac's and Kohler's and TES's expectations would have been if they had negotiated a royalty and had acted reasonably in their negotiations. You should assume that both Generac and Kohler and TES would have believed that the '821 patent was valid and infringed. You should also assume that Kohler and TES would have been willing to pay, and Generac would have been willing to accept, the reasonable royalty they negotiated. Your role is to determine what Generac and Kohler and TES would have agreed upon if

they had negotiated in this manner, not just what either Generac or Kohler and TES would have preferred.

In determining a reasonable royalty, you may consider the following factors, in addition to any others that are shown by the evidence:

- Royalties that others paid to Generac for the patented invention;

- Royalties that Kohler and TES paid to others for comparable patents;

- Whether Generac had a policy of licensing or not licensing the patents;

- Whether Generac and Kohler and TES are competitors;

- Whether use of the patented invention helps to make sales of other products or services;

- Whether the product made using the patent is commercially successful, as well as its profitability;

- The advantages of using the patented invention over products not covered by the patent;

- The extent of Kohler's and TES's use of the patented invention and the value of that use to Kohler and TES;

- Any royalty amounts that are customary for similar or comparable patented inventions;

- The portion of the profit on sales that is due to the patented invention, as opposed to other factors, such as unpatented elements or processes, features, or improvements developed by the Kohler and TES; or

- Expert opinions regarding what would be a reasonable royalty.

## P A R T III

## Deliberations

MEMBERS OF THE JURY:

This case will be submitted to you in the form of a Special Verdict consisting of eight (8) questions. A form for the Special Verdict has been prepared for your convenience.

[Form of Special Verdict read]

You will note that certain questions in the verdict form are to be answered only if you have answered a previous question in a particular manner. Therefore, it is important that you read each question very carefully before you answer it. Do not needlessly answer questions.

The amount to be inserted by you in your answer to the damage questions are for you to determine from the evidence. What counsel ask for in their arguments is no criterion or measure of damages sustained. The opinion or conclusion as to what damages should be awarded should not influence you unless it is sustained by the evidence. Examine the evidence carefully and dispassionately and determine your answers from the evidence in the case.

Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact, but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Nothing should be added to or subtracted from your answer to the damage questions because of sympathy or resentment, nor should you make any deductions because of a doubt in your mind as to the liability of any party.

Case 2:11-cv-01120-JPS   Filed 12/17/12   Page 28 of 31   Document 166

The fact that I have instructed you on the matter of damages should not be considered as intimating any view of the court as to which party is entitled to your verdict in this case. Instructions on damages have been given solely for your guidance.

Your duty is to answer the questions in the Special Verdict form, which, according to the evidence and my instructions, you are required to answer in order to arrive at a completed verdict. It then becomes my duty to direct judgment according to law and according to the facts as you have found them.

You are to answer the questions in the Special Verdict form solely upon the evidence received in this trial. You are to be guided by my instructions and your own sound judgment in considering the evidence in the case and in answering each question.

You must not concern yourselves about whether your answers will be favorable to one party or to the other, nor with what the final result of the lawsuit may be.

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict as to each question you are required to answer in order to arrive at a completed verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of

the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

Each of you should give fair and equal consideration to all of the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the parties have proved their respective cases by a preponderance of the evidence.

## CLOSING ARGUMENTS

## CONCLUDING INSTRUCTIONS

Members of the jury, this case is ready to be formally submitted to you for your serious deliberation. You will consider the case fairly, honestly, impartially, and in light of reason and common sense. Give each question in the verdict your careful and conscientious consideration. In answering each question, free your minds of all feelings of sympathy, bias or prejudice.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think that it could be better tried or that another jury is better qualified to decide it. It is important, therefore, that you reach a verdict if you can do so conscientiously.

Nothing said in these instructions and nothing in the verdict form, prepared for your convenience, is meant to suggest or convey in any way or manner any intimation as to what verdict the court thinks you should find. What the verdict shall be is your sole and exclusive duty and responsibility. Let your verdict speak the truth, whatever the truth may be.

Case 2:11-cv-01120-JPS   Filed 12/17/12   Page 30 of 31   Document 166

If it becomes necessary during your deliberations to communicate with the court, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the court by any means other than a signed writing, and the court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiff that he too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person- not even to the court- how the jury stands, numerically or otherwise, on the question before you, until after you have reached a unanimous verdict.

Upon retiring to your jury room, your first duty will be to select one of your number as foreperson who will preside over your deliberations, complete the verdict form with the answers you have agreed upon, and serve as your spokesperson here in court. His or her vote, however, is entitled to no greater weight than the vote of any other juror.

During the course of your deliberations, you should assume the attitude of judges of the facts rather than that of partisans or advocates. Your highest contribution to the administration of justice is to ascertain the true facts in this case and return a verdict accordingly. When your deliberations are concluded, and your answers inserted in the verdict form, the foreperson will sign and date the verdict and all of you will return with your verdict here in open court.

Case 2:11-cv-01120-JPS   Filed 12/17/12   Page 31 of 31   Document 166