# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GENERAC POWER SYSTEMS, INC.,

                Plaintiff,

v.

KOHLER COMPANY and
TOTAL ENERGY SYSTEMS, LLC,

                Defendants.

Case No. 11-CV-1120-JPS

ORDER

        Generac Power Systems, Inc. (Generac), commenced this patent infringement suit against Kohler Company (Kohler) and Total Energy Systems (TES) on December 9, 2011. (Docket #1). After a period for discovery, Generac and Kohler filed cross-motions for summary judgment. (Docket #40, #48). The Court entered its final order on those motions on November 29, 2012, denying Generac's motion for summary judgment and granting in part and denying in part Kohler's motion for summary judgment. (Docket #108). The Court's order left a number of issues remaining for trial. (Docket #108).

        The parties elected to proceed to trial which was conducted before a jury commencing on December 11, 2012. (*See, e.g.*, Docket #167). The trial concluded on December 17, 2012, when the jury returned its verdict finding: (1) that Kohler did not directly infringe upon Claim 23 of Generac's U.S. Patent No. 6,653,821 (the '821 patent); (2) that TES did not directly infringe upon Claim 23 of the '821 patent; (3) that Kohler did not induce infringement of Claim 23 of the '821 patent; (4) than Kohler did not contributorily infringe Claim 23 of the '821 patent; (5) that Claim 23 of Generac's '821 patent is invalid as anticipated by a number of prior art systems; and (6) that Claim 23 of the '821 patent is invalid as obvious at the time of invention. (Docket #171).

Generac has now moved for a judgment as a matter of law (Docket #179) and for a new trial (Docket #180). The parties have fully briefed Generac's motions, and the Court will now issue its decision on the matter. (Docket #181, #188, #191).

1.  BACKGROUND

Given the fact that the Court's legal analysis is very closely related to the trial record, the Court will recount the majority of the specific trial record during its substantive discussion of the law. Nonetheless, before turning to its discussion, the Court will provide a general factual and procedural background for context.[1]

Kohler has developed and sold generator set products known generally as the Decision-Maker Paralleling System (DPS). (Docket #108, at 3). TES, as a Kohler distributor, has sold a number of these systems. (Docket #108, at 3).

The DPS product operates in a fashion similar to Generac's Modular Power System (MPS) product, which Generac has manufactured and sold for several years, taking advantage of the patented method described in the '821 patent. (Docket #108, at 3).

Given that similarity, Generac filed suit against Kohler and TES, arguing that those two companies infringed upon claims 19 and 23 of Generac's patent in their manufacture and sale of the DPS product. (Docket #19). Both Kohler and TES counterclaimed, arguing that claims 19 and 23 of the '821 patent are invalid as both anticipated and obvious. (Docket #20, #35).

---

[1]As the Court noted in the background section of its summary judgment order, its discussion of the facts is ultimately irrelevant to the substantive legal analysis. (Docket #108, at 3). The Court provides this background for purely contextual purposes.

After a period for discovery, both Generac and Kohler filed cross-motions for summary judgment, which also included briefing on the issue of claim construction. (Docket #40, #48).

The Court denied Generac's motion, but granted in part and denied in part Kohler's motion. (Docket #108, at 43–44). In doing so, the Court first construed claims 19 and 23.[2] (Docket #108, at 4–20). Having construed those claims, the Court next determined that a piece of prior art, the Cummins-Onan PowerCommand System (the PowerCommand system), anticipates Claim 19, making Claim 19 invalid. (Docket #108, at 32). The Court did not, however, find Claim 23 invalid. Rather, it held that the PowerCommand system *does not* anticipate Claim 23. (Docket #108, at 33). It also found that it could not determine whether any of the other pieces of prior art anticipate Claim 23. (*See* Docket #108, at 43). Finally, the Court found that it could not determine whether Claim 23 is void for obviousness or whether Kohler and TES infringed upon Claim 23 in some manner. (*See* Docket #108, at 43).

Accordingly, the Court left open the following issues for determination at trial: (1) whether a number of pieces of prior art anticipate Claim 23, making that claim invalid; (2) whether Claim 23 is void for obviousness; and (3) whether Kohler or TES infringed upon Claim 23. (*See* Docket #108, at 43).

Shortly after the Court entered its summary judgment order, Kohler moved for clarification. (Docket #106). Kohler's motion requested that the Court reexamine and clarify its original claim construction, and—based upon

---

[2]The entire claim construction is far too lengthy to recount here. As such, rather than setting forth the construction in its entirety, the Court will address the relevant sections of the claim construction in its substantive discussion, as may be necessary to deal with the issues.

Page 3 of 17

Case 2:11-cv-01120-JPS   Filed 03/07/13   Page 3 of 17   Document 192

such revised construction—hold that the PowerCommand system anticipates Claim 23 or that Claim 23 was obvious at the time of invention. (*See* Docket #106, at 1–3). More specifically, Kohler requested that Claim 23's final two process elements be read to require the ability to start and stop at a specified time *or* event; in other words, Kohler asked the Court to read those elements very broadly and in the disjunctive, such that they would be satisfied by the ability to start and stop at a pre-specified time, alone, without regard to the ability to stop at a pre-specified event. (Docket #106, at 1–2). Generac opposed Kohler's request, instead urging that the two elements should be read conjunctively, requiring the ability to start and stop at *both* pre-specified times *and* pre-specified events, and further that the PowerCommand system even lacked the ability to start and stop at pre-specified times, meaning it could not possibly satisfy Claim 23. (Docket #128, at 4–5).

Ultimately, the Court adopted the conjunctive reading of the final two elements of Claim 23. (Docket #147, at 6–7). Applying that clarified reading to the PowerCommand system, the Court, nonetheless, determined that PowerCommand does not anticipate Claim 23. (Docket #147, at 7).

That clarification order was the last substantive order issued before trial. The Court reserved ruling on a number of motions *in limine* outstanding until trial, when the record was more fully developed. (Docket #111, #112, #113, #114, #116, #118, #119, #131).

Finally, trial began on December 10, 2012. (Docket #152). After approximately five days, the Court submitted the cause to the jury, which returned its verdict on December 17, 2012. (Docket #172).[3] As earlier noted,

---

[3] As already noted, the Court will reserve a substantial portion of its recitation of the trial record until it reaches its substantive discussion of the merits of Generac's arguments.

Page 4 of 17

Case 2:11-cv-01120-JPS   Filed 03/07/13   Page 4 of 17   Document 192

Kohler and TES prevailed on every question submitted to the jury, with the jury finding that neither Kohler nor TES infringed upon Claim 23, and further that Claim 23 is invalid as anticipated and obvious. (Docket #171).

Following trial, Generac submitted the two separate motions now before the Court: a motion for judgment as a matter of law (Docket #179) and a motion for a new trial (Docket #180).

2. DISCUSSION OF GENERAC'S POST-TRIAL MOTIONS

Distilled to their essentials, Generac's post-trial motions seek the following forms of relief:

> (1) a judgment as a matter of law that Kohler and TES infringed upon Claim 23 of the '821 patent or, in the alternative, a new trial on that issue; and
> (2) a judgment as a matter of law that Claim 23 is not invalid as either anticipated or obvious or, in the alternative, a new trial on the issue of validity.

(Docket #179, #180, #181 at 1). Generac argues that judgment as a matter of law or a new trial is proper on the infringement issues, asserting that the weight of the evidence could not have provided a "legally sufficient evidentiary basis…for a reasonable jury to find that neither Kohler nor TES infringed claim 23 of the '821 patent." (Docket #181, at 3). As to the validity issues, Generac argues: (1) that Kohler and TES did not present "legally sufficient evidence to support the jury's findings of invalidity"; (2) that the jury "applied an incorrect construction of the claims"; and (3) that Kohler's counsel "made improper statements regarding the Court's summary judgment ruling on claim 19 that unfairly influenced the jury to misapply the law and evidence in a manner that was prejudicial to Generac." (Docket #181, at 9, 14–15). The Court will now address each of these issues in turn.

### 2.1 Legal Standards

In its requests both for judgment as a matter of law and for a new trial, Generac faces an uphill battle. Both issues are procedural, and should be reviewed under the law of the circuit in which the reviewing district sits—in this case, the Seventh Circuit. *See, e.g.*, *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1347 (Fed. Cir. 2005); *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1324 (Fed. Cir. 2005); *Riverwood Int'l Corp. v. R.A. Jones & Co., Inc.*, 324 F.3d 1346, 1352 (Fed. Cir. 2003) (citing *EMI Group N. Am., Inc v. Cypress Semiconductor Corp.*, 268 F.3d 1342, 1347 (Fed. Cir. 2001)). But that standard of review is deferential to the verdict reached at trial; indeed, the Court should not overturn the jury's verdict if the record discloses a reasonable basis to support that verdict. *Spesco, Inc. v. General Elec. Co.*, 719 F.2d 233, 237 (7th Cir. 1983); *McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1032 (7th Cir. 1992); *Foster v. Cont'l Can Corp.*, 783 F.2d 731, 735 (7th Cir. 1986).

Judgment as a matter of law, pursuant to Rule 50(b), would be appropriate in this instance only if Generac can show that no reasonable jury could have found for Kohler on any of the given issues when viewing the evidence in the light most favorable to Kohler; in applying this standard the Court cannot reweigh the evidence or substitute its own credibility determinations for those reached by the jury. *Denius v. Dunlap*, 330 F.3d 919, 927–28 (7th Cir. 2003); *Bruso v. United Airlines, Inc.*, 239 F.3d 848, 857 (7th Cir. 2001); *Applebaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 378–79 (7th Cir. 2003) (citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150–51 (2000)).

As to Generac's motion for a new trial pursuant to Rule 59(a), such may be granted where the jury's verdict is against the weight of the evidence

or if, for some reason, the trial was not fair to the parties. *See, e.g.*, *Marcus & Millichap Inv. Servs. v. Sekulovski*, 639 F.3d 301, 313 (7th Cir. 2011) (citing *Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010)); *Bankcard Am., Inc. v. Universal Bancard Sys., Inc.*, 203 F.3d 477, 480 (7th Cir. 2000); *Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir. 1992). But, to satisfy that standard, Generac must show that the verdict was against the "manifest weight of the evidence" or that a prejudicial error occurred—meaning that the Court must accord the verdict great deference in determining whether to grant a new trial. *Bankcard*, 203 F.3d at 480; *Foster*, 783 F.2d at 735. Indeed, the Court should not grant a new trial on a finding that the verdict was against the weight of the evidence unless it determines that "the record shows that the jury's verdict resulted in a miscarriage of justice or whether the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995).

Against this highly deferential backdrop, the Court next turns to Generac's arguments for both judgment as a matter of law and for a new trial.

2.2     Substantive Issues

As noted above, Generac takes issue with the following two general aspects of the jury's finding: first, Generac disagrees with the jury's finding that neither Kohler nor TES infringed Claim 23 of the '821 patent; and, second, Generac believes the jury erred in holding Claim 23 invalid as anticipated and obvious. (Docket #179, #180, #181 at 1).

2.2.1     Infringement

Generac argues that the evidence at trial established that both Kohler and TES infringed Claim 23 of the '821 patent, thus making the jury's verdict

unreasonable and against the weight of the evidence. (Docket #181, at 3–9). In support of that contention, Generac directs the Court to various portions of the testimony of Kohler's witnesses Michael Pincus, a Kohler engineer, and Christopher Stiles, a TES executive. (Docket #181, at 4–9). Generac contends that the testimony of those two individuals establishes that both Kohler and TES infringed Claim 23 of the '821 patent.

Infringement of a method claim—be it direct infringement or indirect infringement—requires that every step of the method claim was practiced. *See, e.g.*, *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1306–08 (Fed. Cir. 2012) (*en banc*) (discussing both direct and indirect infringement standards and concluding that, to establish infringement of a method claim, a plaintiff must show that every step of the method has, in fact, been practiced whether by the allegedly infringing party or another) (citing *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005); *Fromson v. Advance Offset Plate, Inc.*, 720 F.2d 1565, 1568 (Fed. Cir. 1983); *Deepsouth Packaging Co. v. Laitram Corp.*, 406 U.S. 518, 526 (1972); *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 341 (1961); *Henry v. A.B. Dick Co.*, 224 U.S. 1, 12 (1912)). In other words, a plaintiff cannot establish infringement of a method claim without establishing that some party (whether alone or with others) has practiced every element of the claim. *See, e.g.*, *Linear Tech. Corp. v. Int'l Trade Comm'n*, 566 F.3d 1049, 1060–61 (Fed. Cir. 2009) (citing *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007); *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1219 (Fed. Cir. 2006); *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)). By extension, this means that the sale or manufacture of a product that potentially infringes, alone and without proof that every step of the method

was actually carried out, does not constitute infringement. *See, e.g.*, *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003) (citing *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1579 (Fed. Cir. 1993)); *Akamai Techs.*, 692 F.3d at 1308 ("There is no such thing as attempted patent infringement, so if there is no infringement, there can be no indirect liability for infringement.").

Thus, the primary question that the Court must answer to determine whether judgment as a matter of law or a new trial is appropriate on the infringement issue is as follows: did Generac produce evidence at trial establishing that every element of Claim 23 had been practiced—whether by Kohler, TES, or others—making the jury's verdict of noninfringement unreasonable or against the weight of the evidence?

Generac did not. Based upon the evidence presented at trial, the Court must conclude that the jury's verdict is not only imminently reasonable, but also perfectly consistent with that evidence. Accordingly, the Court cannot grant Generac's motion for judgment as a matter of law or a new trial on the issue of infringement.

The key aspect of this conclusion relates to the Court's construction of the fourth and fifth elements of Claim 23. The Court determined that the fourth and fifth elements of Claim 23 require "the ability to actually start [and stop] selected (implying the capability to start [and stop] less than all) generator sets at predetermined times and events." (Docket #166 at 15–16). This construction means that, in order for infringement of Claim 23 to occur, the infringer must create a product that actually has this capability to start and stop less than all of the generators at a range of predetermined times and

events. In other words, if a product is not able to start and stop less than all of its generators in response to such a range, it does not infringe Claim 23.

Simply put, Generac never established evidence that the Kohler DPS possessed this capability. None of the testimony established that the DPS systems had the ability to start and stop less than all of the generators in a system at predetermined times and events. In fact, the testimony of Mr. Pincus and Mr. Stiles, to which Generac points the Court in support of its supposition that the trial evidence establishes the satisfaction of the fourth and fifth elements of Claim 23, actually comes closer to supporting Kohler's and TES's contentions of *non*infringement. Mr. Pincus' testimony provides that the DPS product would start up all of the generators at the time of a power outage. (Docket #181, at 6). This is inconsistent with the Court's claim construction that the fourth and fifth elements require the capability to start and stop less than all of the generators. Meanwhile, Mr. Stiles' testimony is noncommittal, allowing only that the DPS product can be set up to start and stop less than all of the generators "[i]f we set up the MCP with those load commands." (Docket #181, at 7). Moreover, the only other evidence to which Generac cites, a list of the DPS product's benefits taken from Kohler's website, provides simply that, "Because your DPS automatically turns off any generators in your system when your needs are low." (Docket #181, at n. 1). This lacks not only any evidence that DPS products *actually* operate in this way, but also any evidence that the product has the capability to turn *on* less than all of the generators—and, indeed, Mr. Pincus' testimony seems to indicate precisely the opposite. (Docket #181, at 6, n. 1). Even Generac's own expert, Dr. Jaime De La Ree, testified that, at the loss of power, all of the generators would power on. (Trial Tr. 319:2 ("You probably noticed that all

of the gensets came on"); *contra* Trial Tr. 327:19–329:21 (but, again, this testimony does not establish that any DPS product actually had this ability—only that certain Kohler training materials contemplate the ability to power on or off less than all generators in response to a range of events and times)).

Given this state of the evidence, the Court is obliged to conclude that the jury's verdict was both reasonable and consistent with the evidence. Indeed, the evidence seems to fully support Kohler's and TES's contention that the DPS product lacked capabilities that would satisfy the fourth and fifth elements of Claim 23. At the very least, the evidence on the issue is open to rational disagreement. Certainly, a reasonable jury could have reached the same conclusion as the jury did in this case, and that conclusion is not against the manifest weight of the evidence such that judgment as a matter of law or a new trial would be necessary. *See, e.g.*, *Denius*, 330 F.3d at 927–28; *Bruso*, 239 F.3d at 857; *Bankcard*, 203 F.3d at 480; *Foster*, 783 F.2d at 735.

Therefore, the Court must deny Generac's motions for judgment as a matter of law and a new trial on the issue of infringement.

### 2.2.2 Invalidity

Generac next argues that it is entitled to judgment as a matter of law or a new trial on the issue of invalidity. That argument is primarily based upon an assertion that the jury relied on an incorrect construction of Claim 23 and that the jury was improperly prejudiced by Kohler's closing arguments.

#### 2.2.2.1 Insufficient Evidence and Improper Construction

As to the first issue—whether the Court must grant judgment as a matter of law or a new trial, because the jury lacked sufficient evidence to

reach its verdict or applied an improper construction of Claim 23—the Court must conclude that Generac's arguments fails, and accordingly the jury verdict should stand. Generac's arguments may be broken down into two separate contentions: first, that the jury's anticipation verdict was in error; and, second, that the jury's obviousness verdict was in error.

As to the first of those contentions, the Court notes that Kohler argues that Generac has waived any argument on the issue of anticipation as to several of the prior art references. (*See* Docket #188, at 13). While that may very well be the case, for the reasons that follow, the Court finds that—even if it were to consider those prior art references—it still would not find that Generac is entitled to judgment as a matter of law or a new trial on their sufficiency of the evidence or improper construction arguments.

Generac's argument on the anticipation issue can be distilled to the following: the evidence did not establish that the prior art systems had the capability of being expanded, and the Court should have read such expandability capabilities into its construction of Claim 23. Generac may be correct in asserting that the prior art references found to anticipate Claim 23 are incapable of joining together with other systems. (Docket #181, at 10 (citing Trial Tr. at 112:6–14; 113:4–114:13; 148:7–10; 314:9–16; 480:22–25)).

That fact is ultimately irrelevant, as Generac is incorrect in asserting that the Court's construction of Claim 23 included an expandability requirement. In fact, the Court's construction was quite the opposite. The Court concluded that Generac's contention that the phrase "at least one" should be read to require expandability was "nonsensical." (Docket #108, at 15–16). Indeed, the Court stands by that determination. The plain language of the phrase "at least one" means exactly what it says—*at least one*; or

Page 12 of 17

Case 2:11-cv-01120-JPS   Filed 03/07/13   Page 12 of 17   Document 192

something that is not less than one, but could be one or more than one. Generac appeared to treat this portion of the construction as an afterthought, saying little more in support of its expandability contention than "Claim 23 covers a system that is capable of expanding by incorporating one or more additional generator sets. In essence, the system is ready for subsequent gensets to be added as contemplated from the outset." (Docket #53, at 15 (citing Generac's Proposed Facts ¶¶ 59–61; citing the report of Dr. De La Ree (Docket #49, Ex. 2), at 28)). The Court did not find any ambiguities, and therefore was not required to look at Dr. De La Ree's report. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314, 1317, 1324 (Fed. Cir. 2005); *see also Gillette Co. v. Energizer Holdings, Inc.*, 405 F.3d 1367, 1370 (Fed. Cir. 2005); *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1116 (Fed. Cir. 2004); *Interactive Gift Express, Inc. v. Compuserve, Inc.*, 256 F.3d 1323, 1331 (Fed. Cir. 2001); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (all noting that the Court should determine the meaning of a claim beginning with the intrinsic evidence, such as the language of the claim, before turning to extrinsic evidence, such as expert witnesses). Thus, the Court concludes that its claim construction on the "at least one" issue was absolutely appropriate. It also made that construction clear, noting and dismissing as nonsensical Generac's expandability argument. (Docket #108, at 15–16). But, more importantly, at this juncture in the litigation, the Court's claim construction is settled—it is not going to change, though the Court well appreciates the fact that Generac will likely argue this issue on appeal.

Claim construction was settled before trial. (*See* Docket #108, #128). The Court held that Claim 23 does not require expandability. The jury employed that construction, and found that the prior art systems anticipate

Claim 23. The evidence supports that finding. Therefore, judgment as a matter of law or a new trial on the issue of anticipation would be inappropriate.

Turning to Generac's contention that the obviousness verdict must be overturned, the Court must again disagree. Generac is correct that a challenger to a patent claim "must demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention." (Docket #108, at 10 (citing *ActiveVideo Networks, Inc. v. Verizon Comm'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012); *Procter & Gamble v. Teva Pharms. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009))). But that does not mean that a jury cannot use their common sense. Here, Kohler presented ample evidence of the state of prior art at the time of invention, along with testimony related to the existence of each of the Claim 23's elements in the prior art and the wisdom of employing those elements. (Trial Tr. 377:23–384:5, 552:3–554:9, 680:3–10). The Court finds that such evidence is more than sufficient to have allowed the jury to conclude, employing the evidence and their own common sense, that a skilled artisan at the time of the invention would have been motivated to combine the prior art to achieve Claim 23.

For these reasons, the Court is also obliged to deny Generac's motion for judgment as a matter of law or a new trial on the issues of anticipation and obviousness, as related to the sufficiency of the evidence and claim construction arguments.

#### 2.2.2.2 Improper Prejudice

Generac's last argument rests upon Kohler's introduction during closing arguments of the portions of the Court's summary judgment order

striking down Claim 19. (Docket #181, at 14–16; Docket #191, at 8–9). Generac argues that the introduction of those portions, as well as some of Kohler's statements regarding the importance of Claim 19, prejudiced the jury to ignore the totality of the evidence. (Docket #181, at 14–16; Docket #191, at 8–9). Kohler disagrees, arguing that the jury instructions cured any prejudice and further that Generac waived any argument against use of the Court's prior order by failing to object and also, itself, using portions of the Court's order. (Docket #188, at 23–27).

Again, the Court must agree with Kohler. To begin, the jury instructions, informing the jury to examine the entirety of Claim 23 and to not treat the statements of counsel as evidence, provided the jury with a caution against relying too heavily on Kohler's statements. The Court must presume that the jury followed its instructions, and thus did not give prejudicial weight to Kohler's statements. *See, e.g., Zafiro v. United States*, 506 U.S. 534, 540–41 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). Moreover, "comments made by attorneys during closing arguments rarely rise to the level of reversible error," and the Court does not believe that Kohler's statements were so egregious as to truly infect the jury to an extent warranting reversal. *See, e.g., Pickett*, 610 F.3d at 445 (citing *Miksis v. Howard*, 106 F.3d 754, 764 (7th Cir. 1997); *Moylan v. The Meadow Club*, 979 F.2d 1246, 1250–51 (7th Cir. 1992)); *Sheldon v. Munford, Inc.*, 950 F.2d 403, 410 (7th Cir. 1991); *Valbert v. Pass*, 866 F.2d 237, 241 (7th Cir. 1989) (citing *Gonzalez v. Volvo of America Corp.,* 752 F.2d 295, 298 (7th Cir.1985) (per curiam); *Joseph v. Brierton,* 739 F.2d 1244 (7th Cir.1984); *Klotz v. Sears, Roebuck & Co.,* 267 F.2d 53, 54-55 (7th Cir.), *cert. denied,* 361 U.S. 877 (1959); *Levin v. Hanks,* 356 So.2d

21, 22 (Fla.App.1978), all of which involve either some form of dishonesty or an improper request for damages)).

Furthermore, Generac did, indeed, waive any objection to Kohler's statements, for a number of reasons. To begin, Generac failed to object to the statements either at the time Kohler first requested to make the statements, when Kohler actually did make the statements, immediately after Kohler's closing arguments, or even prior to the close of trial. (Trial Tr. 926:16–927:6 (Court sustains Kohler's request to present portions of the summary judgment order, and Generac does not voice objection); because Generac failed to voice an objection, there are no other citations to the record that the Court can employ, here). There was certainly ample time to object at one of those points, but Generac failed to do so, thus waiving its objection. *See, e.g., United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 238–39 (1940) ("counsel…cannot as a rule remain silent, interpose no objections, and after a verdict has been returned seize for the first time on the point that the comments to the jury were improper and prejudicial" (citing *Crumpton v. United States*, 138 U.S. 361, 364 (1891)).

For these reasons, the Court is obliged to deny Generac's request for a new trial on the basis of Kohler's statements during closing argument.

4. CONCLUSION

The Court has concluded that it is obliged to deny Generac's requests for judgment as a matter of law or a new trial in every respect. Therefore, the Court will deny Generac's motions for judgment as a matter of law (Docket #179) and for a new trial (Docket #180).

Accordingly,

IT IS ORDERED that Generac's motion for judgment as a matter of law (Docket #179) be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that Generac's motion for a new trial (Docket #180) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 7th day of March, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge